**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MARY BETH CROSSLEY**                                                                          **PLAINTIFF**

**VS.**                                              **CASE NO. 5:15CV00391 PSH**

**CAROLYN W. COLVIN, Acting Commissioner,**
   **Social Security Administration**                                                        **DEFENDANT**


**ORDER**

Plaintiff Mary Beth Crossley ("Crossley"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny her claim for Supplemental Security Income benefits (SSI)[1], contends the Administrative Law Judge (ALJ) posed a flawed hypothetical question and erroneously relied upon vocational expert testimony which conflicted with the *Dictionary of Occupational Titles* ("DOT"). The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on November 18, 2013. (Tr. 29-66). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Colvin's decision. 42 U.S.C. § 405(g).

Crossley was forty-five years old at the administrative hearing, with past relevant work as a housekeeper. She earned as associate's degree in office management from Southern Arkansas University-Camden. Crossley testified her right leg was three inches shorter than her left, and

---

[1] Crossley initially filed seeking both SSI and DIB benefits, but withdrew her DIB application after amending her alleged disability onset date to February 28, 2012, which was years after her date last insured, September 20, 2005.

multiple knee surgeries required her to end her housekeeping job. When asked about performing sedentary jobs, Crossley stated "I've been told I don't have enough experience." (Tr. 42). Further, she stated she was "not able to bend my leg to get close enough to a computer." (Tr. 42). Crossley testified she was able to dress and bathe herself, did not drive, and was 40% involved in cooking and washing at her home, cooking 10-15 days a month. According to her testimony, she takes Flexeril for back pain associated with her knee problems, and takes medication which effectively deals with her vertigo and her sleep issues. Further, she uses over-the-counter medicine for headaches, which she described as lasting from two hours to half a day, and were the type of headache "where I can't open my eyes." (Tr. 55). Crossley also testified to receiving disability payments from the Veteran's Administration, which rated her as 20% disabled due to a service related injury to her right ankle. (Tr. 34-58).

A vocational expert, James Wallace ("Wallace"), testified Crossley's past relevant work was performed at the medium exertional level. Finding her unable to perform her past relevant work, the ALJ asked Wallace a rather lengthy hypothetical question to determine if there were jobs for a person of Crossley's age and education with the ability to perform sedentary work with many additional restrictions, including the need to "have to sometimes allow her leg to be straight" (Tr. 61). Wallace testified such a person could perform the jobs of document preparer, charge account clerk, and table worker. Crossley's attorney inquired if Wallace's answer would change if the worker were required to have her right leg elevated at waist level. Wallace indicated the cited jobs could not be performed with that restriction. (Tr. 59-64).

**Flawed hypothetical question:** Crossley contends the hypothetical question was flawed for two reasons: one, the ALJ's finding that "sometimes" her right leg would need to be straight is

2

vague; and two, the ALJ's finding regarding her right leg was incorrect based upon the record. We agree that the hypothetical question was flawed, both for the use of "sometimes" and other reasons.

It is helpful to consider the ALJ's many restrictions in context, so we quote from the question posed to Wallace:

> "Very limited climbing of stairs in this case should not be part of the job; no jobs requiring balancing and, of course, very limited stooping, crouching, kneeling, and crawling; she can perform these activities as she has to, but should not be a regular part of the job; certainly she can lift up to 20 pounds so it would have to be in the sitting position. There's no real problems or documented problems other than her testimony related to her back, arms, or shoulders. The real issue is her knees. She has to perform work at the sitting position six to eight and would have to sometimes allow her leg to be straight. Very limited walking or standing in this job. Standing no more than an hour in an eight-hour day and walking would not be a normal part of the job in terms of carrying items. So the work would have to be done at the sitting position. . . This individual could not drive . . . any vehicle. She shouldn't be going in terms of her work because of the need to be able to straighten her leg out while she works. . . the left lower extremity is very restricted in terms of having to sit, no balance, no climbing, crouching, kneeling, and crawling as part of the work – or stooping."

(Tr. 60-62). The ALJ's hypothetical question, which occupies the better part of three pages in the transcript, is confusing regarding Crossley's ability to stoop, crouch, kneel, or crawl. Initially, the ALJ seems to instruct Wallace that the hypothetical worker would be "very limited" in stooping, crouching, kneeling, and crawling. (Tr. 60). Later, the ALJ seems to indicate the worker would be limited to jobs where there is no climbing, crouching, kneeling, crawling, or stooping. (Tr. 62). This inconsistency renders the question impermissibly vague. Simply put, the Court is unable to determine the parameters of the hypothetical question posed to Wallace. As a result, the case should be remanded for further proceedings.

In addition, on remand the ALJ should more precisely explain the restrictions on Crossley's use of her leg while at a sedentary job. The use of the word "sometimes" is open to some

3

interpretation, and the ALJ should use different language to describe in detail Crossley's ability to use her left leg. The ALJ may describe the flexibility of the left and how the leg should be positioned while at work, including how often in a workday the leg should be re-positioned.

Generally, the ALJ is tasked with phrasing a hypothetical question which captures the concrete consequences of a claimant's deficiencies. *Porch v. Chater*, 115 F.3d 567 (8th Cir. 1997). If such a question is formulated and posed, then the responsive testimony of the vocational expert constitutes substantial evidence. *Cox v. Astrue*, 495 F.3d 614 (8th Cir. 2007). Our inquiry is not whether the ALJ posed a question perfectly describing every precise impairment; rather, we must determine if the hypothetical question adequately described Crossley's limitations. It did not, as it is unclear the limitations posed to Wallace.

Based upon the foregoing, this case must be remanded for further proceedings consistent with this Order. Specifically, the ALJ is directed to pose additional hypothetical question(s) to a vocational expert.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is reversed and remanded. This remand is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 1st day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE